FILED BY _____ D.C.

01 APR 23 PM 4:30

ROBERT R. DI TROLIO
CLERK, U.S. DIST CT.
W. D. OF TENNESSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

THE UNITED STATES OF AMERICA,           )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )   CIVIL ACTION No. 1-01-1129
                                         )
CROCKETT COUNTY, TENNESSEE; and          )
the CROCKETT COUNTY BOARD OF             )
COUNTY COMMISSIONERS,                    )
                                         )
        Defendants.                      )
                                         )

CONSENT DECREE

The United States filed this action alleging that the current districting plan for electing the members of the Crockett County Board of Commissioners results in black citizens of the county having less opportunity than white citizens to participate in the political process and elect candidates of their choice in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973 ("Section 2").

The parties, through counsel, have conferred extensively and agreed that it is in the best interest of all parties that this lawsuit be resolved without the expense of further protracted, costly and potentially divisive litigation. Moreover, the parties seek to ensure that redistricting of the voting districts used in the election of the members of the Crockett County Board of Commissioners following receipt of the 2000 Census data be done in compliance with Section 2. Accordingly, the parties have entered into the following Consent Decree as an appropriate resolution of this civil action.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___04-24-01___

(3)

The parties stipulate as follows:

1.   On May 15, 2000, the United States notified Crockett County of its intent to bring suit to enforce Section 2.   On April 17, 2001, the United States filed suit in this Court alleging that the current districting plan for electing members to the Crockett County Board of Commissioners violates Section 2. See United States v. Crockett County, Civil Action No. 1-01-1129 (W.D. Tenn.).

2.   Defendant Crockett County is a political and geographical subdivision of the State of Tennessee.   Tenn. Code Ann. § 5-1-101

3.   Defendant Crockett County Board of Commissioners is the body established under the laws of the State of Tennessee responsible for governing Crockett County.   Tenn. Code Ann. § 5-1-104.

4.   The Crockett County Board of Commissioners is a 24-member body whose members are elected from twelve dual-member districts to four-year, concurrent terms.   Each district elects two commissioners from numbered posts called "positions."

5.   Duties of the Crockett County Board of Commissioners include the drawing of Board of Commission districts using United States Census data.   Tenn. Code Ann. § 5-1-111.

6.   The Crockett County Board of Commissioners intends to draw new Board of Commission districts based on the results of the 2000 Census.

7.    None of Crockett County's twelve County Board of Commissioners' districts is now, or has ever been, majority black in population.

8.    The next election for members of the Crockett County Board of Commissioners is set for August 1, 2002.  Tenn. Code Ann. § 2-3-202; Tenn. Const., art. VII, § 5.

9.    According to the 2000 Census of Population, the total population of Crockett County is 14,532, of whom 11,910 (82.0%) are white and 2,088 (14.4%) are black.  Also according to the 2000 Census, the voting age population of Crockett County is 10,878, of whom 9,061 (83.3%) are white and 1,496 (13.8%) are black.

10.    The black population of Crockett County is sufficiently numerous and geographically compact that a districting plan for electing the Crockett County Board of Commissioners can be drawn in which black voters would constitute an effective majority of the voting age population in at least one of the County's twelve districts.

11.    Black voters in Crockett County are politically cohesive.  Racially polarized voting patterns prevail in elections in the county, including elections for the Crockett County Board of Commissioners.  In contests between black and white candidates for elected county positions in Crockett County, black voters generally support the same candidates and white voters vote sufficiently as a bloc usually to defeat the black voters' candidates of choice.

12.   With the exception of one black candidate elected to
the Crockett County Board of Commissioners, who served one term
from 1982 to 1986, no black candidate has ever been elected to
any county office in Crockett County.

13.   Black citizens in Tennessee and its political
subdivisions (including Crockett County) have suffered from a
history of official racial discrimination in voting and other
areas, such as education, employment, and housing.  See West
Tenn. African Am. Affairs Council, Inc. v. Sundquist, 29 F.
Supp.2d 448 (W.D.Tenn. 1998), aff'd, 209 F.3d 835 (6th Cir.),
cert. denied, 121 S.Ct. 340 (2000) (affirming that "in west
Tennessee there is a history of official discrimination against
blacks in voting which has present-day effects, and that official
discrimination in voting is not entirely in the past") (citation
omitted).

14.   Black citizens in Crockett County continue to bear the
effects of this past discrimination, reflected in their markedly
lower socioeconomic status compared to that of Crockett County's
white citizens, according to 1990 Census data.[1]  These factors
hinder black citizens' present-day ability to participate
effectively in the political process.

15.   While defendants have not conceded the ultimate issue
of Section 2 liability, defendants nonetheless acknowledge that
there is a strong likelihood that plaintiffs would prevail were

---

[1]   The Bureau of Census has not yet been published 2000 Census
data regarding socio-economic characteristics.

this action to proceed to trial because there is a strong basis in both fact and law for believing that the current districting plan for electing members to the Crockett County Board of Commissioners, under the totality of the circumstances, results in black citizens of the county having less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice in violation of Section 2.

16.   The usual and appropriate remedy for districting plans that dilute minority voting strength in violation of Section 2 is the drawing of new plans that do not dilute minority voting strength.   See Thornburg v. Gingles, 478 U.S. 30 (1986).

17.   As a remedy in this Section 2 action, the parties have agreed upon a plan under which the Crockett County Board of Commissioners shall, based on the results of the 2000 Census of Population, devise a district voting plan for the Crockett County Board of Commissioners that provides for twelve dual-member districts, one of which shall be comprised of an African American majority that is at least 65% or more of the district's total population.

18.   The parties have further agreed that in creating this districting plan, the Crockett County Board of Commissioners shall abide by the constitutional precepts of Shaw v. Reno, 509 U.S. 630, 644 (1993) and other relevant Supreme Court and United States Court of Appeals for the Sixth Circuit jurisprudence requiring that redistricting not be done in such a manner that

- 5 -

racial considerations predominate over the jurisdiction's
traditional redistricting principles.

19.   Defendants have agreed to consult with the Department
of Justice regarding its post-2000 districting plan to ensure
compliance with this Consent Decree, Section 2, and relevant
Supreme Court jurisprudence.

It is hereby ORDERED, ADJUDGED and DECREED that:

1.   This Court has jurisdiction over these actions pursuant
to 42 U.S.C. 1973j(f) and 28 U.S.C. 1345.

2.   There is a strong likelihood that plaintiff would
prevail if this action was to proceed to trial because there is a
very strong basis in both law and fact for believing that the
current districting plan for electing the Crockett County Board
of Commissioners, operating in the totality of the circumstances,
results in black voters having "less opportunity than other
members of the electorate to participate in the political process
and to elect representatives of their choice" in violation of
Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

3.   In settlement of these actions, the parties have
voluntarily entered into this Consent Decree requiring the
creation of a districting plan for the Crockett County Board of
Commissioners following receipt of the 2000 Census that provides
for twelve dual-member districts, at least one of one of which
shall be comprised of an African American majority that is at
least 65% or more of the district's total population.

- 6 -

4. The new districting plan containing twelve dual-member districts, at least one of one of which to be comprised of an African American majority that is at least 65% or more of the district's total population, represents a fair, adequate and reasonable settlement of the claims of the plaintiffs in these actions and this Consent Decree shall be binding on the parties and their successors in office.

5. The new districting plan shall be completed in time for use for the next regularly-scheduled Crockett County Board of Commissioner elections, currently set for August 1, 2002.

6. Except as inconsistent with or specifically altered by the terms of this Consent Decree, all state laws shall continue to govern elections for the Crockett County Board of Commissioners.

7. Subsequent to the entry of this Consent Decree, should defendants or their successors desire to change or depart from the terms of this Consent Decree, any such change or departure shall be made in accordance with the provisions of Paragraph 8.

8. This Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Decree and for such further relief as may be appropriate. If defendants or their successors enact local legislation which embodies a districting plan of the kind required by this Consent Decree for the Crockett County Board of Commissioners, then this Court's jurisdiction shall thereafter expire. If defendants or their successors fail to enact local legislation embodying a districting plan of the

- 7 -

kind required by this Consent Decree, this Court shall retain jurisdiction and order into effect a redistricting plan that satisfies the terms of this Consent Decree and the legal standards in existence at that time, including those standards under the Voting Rights Act and the United States Constitution.

9.    As between defendants and the United States, each party shall bear all of its own costs, expenses and attorneys' fees in this case.

Entered this 23rd day of _April_

2001.

_____
United States District Judge

- 8 -

APPROVED AS TO FORM AND CONTENT:

*Counsel for the United States of America,*
*Plaintiff in Civil Action No.* **1-01-1129**

VERONICA F. COLEMAN (BPR 4456)          WILLIAM R. YEOMANS
United States Attorney                  Acting Assistant Attorney
Western District of Tennessee              General
                                        Civil Rights Division


_____        _____
United States Attorney's Office         JOSEPH D. RICH
167 North Main Street                   CHRISTOPHER COATES
Memphis, TN 38103                       RICHARD DELLHEIM
Phone: (901) 544-4231                   Attorneys, Voting Section
Fax:   (901) 544-4230                   Civil Rights Division
                                        United States Department of
                                           Justice
                                        P.O. Box 66128
                                        Washington, D.C.  20035-6128
                                        Phone: (202) 305-1734
                                        Fax:   (202) 307-3961

                                        Date:  April 17, 2001




APPROVED AS TO FORM AND CONTENT:

*Counsel for the Crockett County, Tennessee, Crockett County Board*
*of Commissioners, Defendants in Civil Action No.* **1-01-1129**


_____        Date:  April 17, 2001
S. JASPER TAYLOR IV
County Attorney for
   Crockett County, Tennessee
P.O. Box 729
94 E Main St
Bells, TN 38006
Phone: (901) 663-2737
Fax:   (901) 663-3985

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:01-CV-01129 was distributed by fax, mail, or direct printing on April 24, 2001 to the parties listed.

---

Christopher Coates
DEPARTMENT OF JUSTICE
Civil Rights Divisio
P.O. Box 66128
Washington, DC 20035

Richard Dellheim
DEPARTMENT OF JUSTICE
Civil Rights Divisio
P.O. Box 66128
Washington, DC 20035

Len Register
U.S. ATTOREY'S OFFICE
3rd Floor Federal Bl
109 S. Highland Ave.
Jackson, TN 38301

S. Jasper Taylor
LAW OFFICES OF S. JASPER TAYLOR, IV
P.O. Box 729
Bells, TN 38006

Honorable James Todd
US DISTRICT COURT